**LAW OFFICES OF JASON RABINOVICH, PLLC.**
Jason Rabinovich, Esquire
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
*Attorneys for Plaintiff(s)*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENZHUO LEI, | : | Civil Action No: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YIMIN ZHANG, and | : | |
| RUOXI ZHAO, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## VERIFIED COMPLAINT

Plaintiff, Ms. Wenzhuo Lei (the "Plaintiff"), by and through her undersigned counsel, brings this civil action against Mr. Yimin Zhang ("Zhang") and Ms. Ruoxi Zhao ("Zhao"), (hereinafter collectively referred to as "Defendants"), and states the following:

## NATURE OF THE ACTION

1.     This action arises out of Defendants' violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), and related state law claims for, *inter alia*, fraud, breach of contract, misrepresentation, unjust enrichment, and conversion.

## THE PARTIES

2.      Plaintiff, Wenzhuo Lei is an adult individual and is currently residing at 5300 S. Drexel Ave, Apt 851-D2, Chicago, IL, 60615.

3.      Upon information and belief, Defendant Rouxi Zhao is an adult individual whose last known address is 4700 City Line Avenue, Apt. 8404, Philadelphia, PA, 19131.

4.      Upon information and belief, Defendant Yimin Zhang is an adult individual whose last known address is 4055 Ridge Avenue, Apt. 5502, Philadelphia, PA, 19129.

## JURISDICTION AND VENUE

5.      This civil action arises out of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq*., and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 18 U.S.C. § 1964 in that certain of the claims arise under the laws of the United States and over other claims herein pursuant to its supplemental jurisdiction pursuant to 28. U.S.C. § 1367.

6.      This Court has personal jurisdiction over the Defendants because the Defendants have conducted business in, and have had continuous and systematic contacts with the Commonwealth of Pennsylvania and this District, including but not limited to residence in the Commonwealth, ownership and control over bank accounts in the Commonwealth, and withdrawal of Plaintiff's funds by Defendants in the Commonwealth.

7.      Venue is proper in this District under and pursuant to 18 U.S.C. § 1965 and pursuant to 28 U.S.C. § 1391(b)(2) in that numerous of the acts, practices, and events giving rise to the claims alleged in this complaint occurred in this District, and Defendants both maintain residence in this District.

## FACTUAL ALLEGATIONS

8.      Plaintiff considered Defendant Zhang an acquaintance, with whom she had a friendly relationship.

9.      During the course of this relationship, Plaintiff sold certain luxury handbags and clothes to the girlfriend of Defendant Zhang.

10.     On or about February 1st, 2016, Plaintiff began a discussion with Defendant Zhang about his ability to find and subsequently execute the sale of an exotic luxury car.

11.     Plaintiff and Defendant Zhang communicated regarding this purchase via sms text message, telephone, and a mobile messaging application called WeChat, a copy of the transcripts of their conversations are attached hereto as Exhibit A.

12.     Between February 1st, 2016 and February 27th, 2016, Plaintiff and Defendant Zhang communicated almost daily regarding different exotic cars. *See* Exhibit A.

13.     During the relevant time frame Defendant Zhang held himself out to be a professional in this field, with the ability to acquire multiple, and various exotic cars for the Plaintiff.

14.     Among the cars discussed by Plaintiff and Defendant Zhang were: an Audi R8, McLaren MP4, Bentley GT, Aston Martin DB9, Ferrari 458 Italia, and a Ferrari California. *See* Exhibit A.

15.     Further, Defendant Zhang offered and represented to Plaintiff prices for each of the vehicles discussed.

16.     Eventually Plaintiff decided that the Ferrari California would be the best vehicle for her needs.

17.     Defendant Zhang purported to have a business relationship with various automotive dealerships. *See* Exhbit A.

18.     Defendant Zhang further purported to be in the business of locating and facilitating the sale of such vehicles, and at numerous times described a lawful method of transferring title that would minimize tax implications.

19.     Defendant Zhang represented to Plaintiff that if Plaintiff transferred funds to Defendant Zhang, then she would be in receipt of the Ferrari California. *See* Ex. A.

20.     On February 28th, 2016 Plaintiff wired $97,000.00 to an account provided by Defendant Zhang, a receipt for the wire transfer is attached hereto as Exhibit B.

21.     The account information Defendant Zhang provided to Plaintiff was for an account set up and controlled by Defendant Zhao. *See* Exhibit B.

22.     On February 29th, 2016, Plaintiff further transferred $12,000.00 to Defendant Zhang via PayPal, Citi Quick Pay, and other mobile payment application.

23.     Subsequent to the transferring of funds to the Defendants, Plaintiff inquired multiple times about the shipping, delivery, and title transfer of the above described Ferrari California.

24.     At times relevant hereto, Defendant Zhang represented to Plaintiff that he would purchase insurance on behalf of the Plaintiff. *See* Exhibit A.

25.     Defendant Zhang continued to represent to Plaintiff that the vehicle would be delivered to the requested address no later than March 14th, 2016 but would likely arrive on March 11th, 2016. *See* Exhbit A.

26.     On March 7th, 2016, Plaintiff's husband, Mr. Yue Yuan ("Yuan") went to New

York City, NY to meet with Defendants' contact.

27.     The Defendants informed Plaintiff that their contact was coming from Connecticut with the vehicle so that Yuan could inspect it prior to sending the remainder of the funds.

28.     As per the parties' agreement Yuan met the Defendants and waited with them at the location and date & time provided but no one showed up with the vehicle.

29.     Subsequently, the Defendants informed Plaintiff that everything was fine, that the transaction was still going through as discussed, and that their contact had traffic problems in route to the meeting.

30.     On or about March 10th, 2016, Plaintiff realized that the entire course of dealing with the Defendants was a scam to induce her into wiring funds.

31.     Defendants had no intention of delivering any vehicle to Plaintiff, let alone the exotic Ferrari discussed.

32.     On or about March 13th, 2016, Defendant Zhang, possibly realizing his exposure to both civil and criminal liability, executed a promissory note to Plaintiff in the amount of $12,000, using his 2014 Mercedes ML 350 vehicle to secure the note. A copy of the note is attached hereto as Exhibit C.

33.     Sometime between March 13th, 2016 and March 23rd, 2016, Defendant Zhao delivered the title to her vehicle, a 2015 Mercedes to Plaintiff; however title was never signed or officially transferred to Plaintiff.

34.     Plaintiff has learned through other means that Defendant Zhao is attempting to sell the vehicle for which she was provided title to a third party.

35.     Plaintiff has also learned through a Chinese language posting site that Defendant Zhang is currently listing the vehicle used to securitize the promissory note for sale.

36.     Subsequent to the events of late February 2016 and March 2016, Plaintiff has learned, through the Drexel Police Department that Defendant Zhao may have left the United States.

37.     Subsequent to the events of late February 2016 and March 2016, Plaintiff has learned, through the Drexel Police Department that Defendant Zhao has not registered for classes at Drexel University for the current semester.

38.     Subsequent to the events of late February 2016 and March 2016, the Philadelphia District Attorney's office major theft division has commenced an investigation into this matter.

39.     As of the date of this complaint, Plaintiff has not received a vehicle, nor have her funds been returned.

## COUNT ONE
## FEDERAL RICO VIOLATIONS
### Plaintiff v. Defendants

40.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

41.     The claim of federal RICO violation against Defendants arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

42.     At all times relevant to this complaint, Defendants have constituted an "enterprise" as that term is defined in 18 U.S.C. § 1961(4), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate

commerce and foreign commerce. Each of the Defendants participated in the operation, ownership, and/or management of the enterprise.

43.     In addition to any legitimate transactions, the course of conduct of this enterprise included a pattern of racketeering activity.

44.     Defendants knowingly and willfully associated with the association-in-fact enterprise and conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

45.     The pattern of racketeering engaged in by the Defendants involved the previously alleged fraudulent scheme by which the Defendants were able to induce Plaintiff into sending $109,000 via interstate wire transfer, and also via other mobile payment applications.

46.     The pattern of racketeering engaged in by the Defendants involved the previously alleged predicate acts consisting of wire fraud, which is "racketeering activity."

47.     Defendants knowingly and intentionally engaged in the predicate acts constituting the pattern of racketeering activity.

48.     Plaintiff has been injured as a direct result of such racketeering activities by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, jointly and severally, for:

(a). An award of restitution damages for all converted property and

(b). Trebling of damages pursuant to 18 U.S.C. § 1964;

(c). Plaintiff's reasonable attorneys' fees, expenses and costs; and

(d). Such other relief as the Court deems just and proper.

## COUNT TWO
### FRAUD
### Plaintiff v. Defendants

49.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

50.     Count Two is an action for fraud under common law.

51.     Defendant Zhang materially misrepresented his relationship with the various automotive stores as well as his ability to locate and execute the sale of exotic motor vehicles.

52.     Defendant Zhao materially misrepresented her involvement and experience with the sales of exotic cars, or any cars at all.

53.     Defendants materially misrepresented their intentions with Plaintiff's transferred funds.

54.     The factual misrepresentations made by the Defendants to the Plaintiff were known to the Defendants to be false at the time they were made.

55.     Both Defendants were aware that neither of them had any involvement with the sale of exotic vehicles.

56.     Defendants intended for the Plaintiff to rely on their misrepresentations so that Plaintiff would transfer funds to the Defendants.

57.     Plaintiff justifiably relied on Defendants' misrepresentations and wired the funds to Defendants.

58.     Plaintiff was not given any sort of vehicle as exchange for the transferred funds.

59.     The justifiable reliance on Defendants' misrepresentations was detrimental to the Plaintiff in that she lost over $100,000.

60.     Defendants profited from the fraud committed as against the Plaintiff in excess

of $100,000.

61.     Because Defendants' conduct was knowing, intentional, willful, wanton and reckless, Plaintiff is entitled to an award of punitive damages and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, jointly and severally, for:

    a)     Finding Defendants liable for fraud;

    b)     Finding Defendants' fraud to be willful;

    c)     An award of damages for conversion of Plaintiff's property;

    d)     An award of punitive damages against both Defendants;

    e)     An award of attorneys' fees and costs of litigation; and

    f)     Such and other relief as the Court deems appropriate.

## COUNT THREE
## BREACH OF CONTRACT
## Plaintiff v. Zhang

62.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

63.     Plaintiff and Defendant Zhang had an existing contract for the sale of a Ferrari California, both verbally, and as further confirmed and evidenced in writing by their sms text message communications. *See* Exhibit A.

64.     Plaintiff and Defendant Zhang also have an existing contract for the repayment of $12,000, secured by Defendant Zhang's Mercedes Vehicle, and evidenced by a promissory note. *See* Exhibit C.

65.     The contract is a binding and valid agreement supported by adequate consideration.

66.     The conduct and actions of Zhang as alleged herein constitute breaches of the contract.

67.     Disposal of Zhang's vehicle that serves as collateral for the promissory note, constitutes a breach of that contract.

68.     All conditions precedent necessary for the enforcement of the contract have been satisfied, and Plaintiff satisfied all of her obligations to Defendant Zhang under the contract, as she began to transfer payment to Defendants.

WHEREFORE, Plaintiff demands judgment against Defendant Zhang individually as follows:

a)      Entering final judgment against Zhang for monetary damages, including but not limited to all amounts necessary to compensate Plaintiff for Zhang's wrongful activities;

b)      Awarding Plaintiff to recover the full costs of this action, including her reasonable attorneys' fees and costs; and

c)      Such and other relief as the Court deems appropriate.

**COUNT FOUR**
**FRAUDULENT MISREPRESENTATION**
**Plaintiff v. Defendants**

69.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

70.     Defendant Zhang made multiple representations to the Plaintiff regarding his ability to locate and facilitate the purchase and transfer of an exotic car to the Plaintiff.

71.     Defendant Zhao represented to Plaintiff that funds transferred to her account would be used for the purchase of a Ferrari California as discussed.

72.     The representations made by the Defendants are material to the transaction.

73.     Defendants were both aware of the falsity of their representations as neither is engaged in any way with the sale of any kind of vehicles.

74.     The representations made by the Defendants were made with the intent of misleading the Plaintiff, and inducing Plaintiff's reliance on those representations.

75.     Plaintiff justifiably relied on the representations made by the Defendants.

76.     The Plaintiff's injury came as a result of her reliance on Defendants' representations.

77.     Defendants have caused the Plaintiff to suffer financial injury in excess of $100,000.

78.     Because Defendants' conduct was knowing, intentional, willful, wanton and reckless, Plaintiff is entitled to an award of punitive damages and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them jointly and severally, for:

a)     An award of compensatory damages in an amount in excess of $109,000;

b)     Punitive damages;

c)     Awarding Plaintiff the full costs of this action, including her reasonable attorneys' fees and costs; and

d)     Such and other relief as the Court deems appropriate.

### COUNT FIVE
### UNJUST ENRICHMENT
### Plaintiff v. Defendants

79.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

80.     Plaintiff conferred a benefit onto the Defendants in the form of money, which was transferred to various accounts belonging to and controlled by the Defendants.

81.     The Defendants appreciated the benefit conferred by Plaintiff as they removed the money from their respective bank accounts and other mobile accounts.

82.     Defendants were aware that a benefit was being conferred to them as it was Defendants' representations that induced the Plaintiff to confer the benefit onto them.

83.     To allow the Defendants to accept and retain the benefit, under the given circumstances would be inequitable as the Defendants conferred nothing of value to Plaintiff for the benefit received.

84.     Because Defendants' conduct was knowing, intentional, willful, wanton and reckless, Plaintiff is entitled to an award of punitive damages and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in excess of $109,000, plus interest, costs of suit, and punitive damages for their intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

## COUNT SIX
### UNJUST ENRICHMENT
### Plaintiff v. Defendants

85.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

86.     It would be unjust and inequitable for Defendants to profit from their unlawful activities without compensating Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in excess of $109,000, plus interest, costs of suit, and punitive damages for their

intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

## COUNT SEVEN
### CONVERSION
**Plaintiff v. Defendants**

87.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

88.     Defendants through their deceptive and fraudulent scheme deprived Plaintiff of property consisting of $109,000.

89.     Plaintiff gave no consent to Defendants to exercise control over her property under the given circumstances.

90.     Defendants' exercise of control over the property of Plaintiff is without lawful justification, further their actions were criminal.

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendants, jointly and severally, as necessary to provide Plaintiff with the following requested relief:

a)  An award of compensatory damages in an amount of $109,000;

b)  Punitive damages;

c)  Awarding Plaintiff the full costs of this action, including her reasonable attorneys' fees and costs; and

d)  Such and other relief as the Court deems appropriate.

Respectfully submitted,
**Law Offices of Jason Rabinovich, PLLC.**


By:____/s/ Jason Rabinovich, Esq._____
Jason Rabinovich, Esq.
PA Bar ID: 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
Email: JasonRabinovich@jasonrabinovichlaw.com

*Attorneys for Plaintiff*

Dated: April 18, 2016